**Edwin A. WALKER, Plaintiff,**

v.

**The PULITZER PUBLISHING COM-PANY, a corporation, Defendant.**

**No. 63C 361(1).**

United States District Court
E. D. Missouri, E. D.

June 29, 1967.

Emerson Baetz, Alton, Ill., Clyde J. Watts, Oklahoma City, Okl., and James W. Jeans, St. Louis, Mo., Assoc. Counsel, for plaintiff.

Robert D. Evans, Evans & Hoemeke, St. Louis, Mo., for defendant.

MEMORANDUM OPINION

HARPER, Chief Judge.

This matter is before the court on the motion for summary judgment of the defendant, Pulitzer Publishing Company, under Rule 56, Federal Rules of Civil Procedure. The motion was filed on October 22, 1964, but by agreement of the parties' attorneys this court has held a ruling thereon in abeyance pending a decision by the Supreme Court of the United States in the case of Walker (plaintiff herein) v. The Associated

Press. On June 12, 1967, the Supreme Court rendered a decision in said case in favor of the defendant therein, The Associated Press. [Associated Press v. Walker, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094.] However, despite this unfavorable decision the plaintiff's counsel has informed this court by letter that the plaintiff is proceeding with the present lawsuit on the theory that Walker v. The Associated Press is substantially different from the present case. Therefore, this court will now rule upon the defendant's motion.

The parties have filed memoranda, affidavits, depositions and interrogatories in support of and in opposition to the present motion. This court has jurisdiction over the controversy by way of diversity of citizenship and amount.

The information before the court discloses that on September 30 and October 1, 1962, the campus of the University of Mississippi at Oxford, Mississippi, was torn by rioting students opposed to the admission of the first negro, James Meredith. The riots necessitated the calling in of United States Marshals to restore order. Immediately following the riots, the Associated Press published a release in which the plaintiff Walker was referred to, in essence, as the leader of the rioters who lead the students in a charge on the U. S. Marshals. Shortly thereafter, the defendant's subsidiaries, the St. Louis Post-Dispatch and KSD–TV, along with various other news media around the country, received the Associated Press news release, and for all practical purposes republished the contents thereof.

The plaintiff herein, contending that the Associated Press release was defamatory, brought the suit of Walker v. The Associated Press in the state courts of Texas seeking compensatory and punitive damages. Besides Walker v. The Associated Press, the plaintiff brought numerous other suits against various news media around the country. On September 27, 1963, the plaintiff brought the present action in this court contending that the statements published by the defendant's subsidiaries were defamatory.

In Walker v. The Associated Press, the plaintiff obtained a jury verdict in the state courts of Texas, which was affirmed by the Texas Court of Civil Appeals. [Associated Press v. Walker, 393 S.W.2d 671.] However, the Supreme Court of the United States reversed the ruling of the Texas Court of Civil Appeals, holding that Walker was a prominent political figure and, therefore, the statements published by the Associated Press, even if consisting of mistakes of fact, could not subject the Associated Press to liability in the absence of a showing of actual malice (that is, having knowledge that the statements were false or that they were made with a reckless disregard for the truth). The Supreme Court, as did the Texas trial court, held that Walker had failed to prove actual malice.

█ The statements published by the defendant's subsidiaries in the present case were substantially the same as the statements made by the Associated Press, and, in fact, the contents of the publications were taken to a large degree from the Associated Press release. Therefore, Walker v. The Associated Press is dispositive of the present case unless here the plaintiff could somehow prove that the statements were published with actual malice.

█ The riots at the campus of the University of Mississippi constituted a newsworthy item, one which, as the Supreme Court pointed out in Walker v. The Associated Press, required rapid dissemination to the public. The defendant, in an effort to inform the public as soon as possible, relied upon news releases furnished by reputable national news sources. This they had every right to do, and in so doing they cannot be said to be guilty of actual malice in failing to further investigate the truth or falsity of facts supplied concerning an incident which occurred many miles away.

For the foreguing reasons this court fails to find any genuine issue for which a trial would be necessary, and the defendant's motion for summary judgment is hereby sustained.

The clerk will prepare and enter the proper order to that effect.